REMAINDERS—ACQUISITION BY LIFE TENANT—MERGER.
    Where a life tenant under a will inherits from her son the remainder, the two estates merge, and she is entitled to the whole property.

In the matter of the judicial settlement of William F. Wadsworth, trustee of Robert B. Wylie, deceased. Proceedings on an accounting. Decree of settlement.

Hubbard & Rushmore, for trustee.

KETCHAM, S. The will of Robert B. Wylie contains the provision:

"I give and bequeath to William F. Wadsworth of said Borough of Brooklyn, all the residue and remainder of my estate, real and personal in trust nevertheless to collect the rents, issues and profits and income therefrom to pay the same to my sister, Susan W. Noyes of Atlanta, Georgia, during the term of her natural life, and upon her death to pay over all of said estate to her son Sydney B. Noyes, to him, and his heirs forever."

Sydney B. Noyes has died intestate, leaving no widow or descendants, and no heirs at law or next of kin except his mother, Susan W. Noyes, and his sister by the half-blood on the paternal side, Annie A. Noyes. The sister is not of the blood of the testator, Robert B. Wylie, and is excluded from inheritance under his will. Real Property Law, Laws 1896, p. 618, c. 547, § 280. The only heir at law and next of kin to take the remainder in question is the mother, Susan W. Noyes; and, as in her person the life estate and the remainder merge, she is entitled to the entire estate.

The account will be settled as rendered, and a direction in accordance with these views should be embodied in the findings and decree. Decree accordingly.